**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| Shenzhen Runhuaxin Trading Co., Ltd., | |
| *Plaintiff*, | **Case No. 2:26-cv-1936** |
| v. | **Complaint For Declaratory Judgment** |
| Yonggang Guo, | **Jury Trial Demand** |
| *Defendant*. | |

This is an action brought under the Declaratory Judgment Act by Plaintiff Shenzhen Runhuaxin Trading Co., Ltd. d/b/a runhuaxin ("Plaintiff" or "Runhuaxin") against Defendant Yonggang Guo d/b/a TomSunlight ("Defendant"), seeking a declaration that one or more claims of U.S. Patent No. 12,599,236 B2 (the "'236 Patent") are invalid. Upon actual knowledge with respect to itself and its acts, and upon information and belief as to all other matters, Plaintiff alleges as follows:

**INTRODUCTION**

-1-

COMPLAINT

Glacier Law LLP
506 Second Avenue, Suite 1516
Seattle, WA 98104
+1 (212)729-5049

1. This action arises from Defendant's invocation of Amazon's Patent Evaluation Express ("APEX") program against Plaintiff's KVR garden kneeler products, including Amazon listings identified by ASINs B0DTGG5N5Q and B0972Y5LTY (collectively, the "Accused Products"). Defendant asserted that the Accused Products infringe the '236 Patent, a patent that issued in 2026 from an application filed on January 26, 2024, years after Plaintiff's KVR garden kneeler products had been publicly offered and sold on Amazon.

2. Plaintiff has sold KVR garden kneeler products, including products associated with ASINs B0DTGG5N5Q and B0972Y5LTY, on Amazon before the filing date of the '236 Patent. Plaintiff's Amazon materials show that ASIN B0972Y5LTY was created or made available on Amazon on or about June 11, 2021, that Plaintiff made sales before October 2021, and that the product page for ASIN B0972Y5LTY was publicly archived by the Wayback Machine by at least January 17, 2022. The Accused Products and similar folding garden kneeler products were publicly known, publicly used, publicly sold, advertised, and described in printed publications before the January 26, 2024 filing date of the '236 Patent.

3. Defendant's patent enforcement campaign threatens Plaintiff's Amazon listings and business. Amazon notified Plaintiff that a patent owner believed Plaintiff's ASINs B0DTGG5N5Q and B0972Y5LTY infringed U.S. Patent No. 12,599,236 and required Plaintiff to resolve the matter with Defendant or participate in Amazon's neutral evaluation process to avoid removal of the listings.

4. Defendant's assertion of the '236 Patent creates an actual, substantial, immediate, and justiciable controversy concerning the validity of one or more claims of the '236 Patent. Plaintiff seeks a judicial declaration that one or more claims of the '236 Patent are invalid under at least 35 U.S.C. §§ 102 and 103.

-2-

Glacier Law LLP
506 Second Avenue, Suite 1516
Seattle, WA 98104
+1 (212)729-5049

**NATURE OF THE ACTION**

5.      This is an action for declaratory relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States, seeking a declaration that one or more claims of the '236 Patent are invalid.

6.      Defendant's assertion of the '236 Patent against Plaintiff's Accused Products through Amazon's APEX Procedure has caused and continues to cause substantial harm to Plaintiff, including the imminent threat of removal, restriction, or other disruption of Plaintiff's Amazon listings for ASINs B0DTGG5N5Q and B0972Y5LTY.

7.      Plaintiff seeks relief from the continuing cloud Defendant's patent assertion places over Plaintiff's product, listing, account health, sales, goodwill, and business relationships.

**PARTIES**

8.      Plaintiff Shenzhen Runhuaxin Trading Co., Ltd. is a company organized under the laws of the People's Republic of China. Plaintiff does business under the runhuaxin seller name and sells consumer garden products, including KVR-branded garden kneelers and seats, through Amazon.com.

9.      Upon information and belief, Defendant Yonggang Guo is an individual located in Shenzhen, China, and does business as TomSunlight. Defendant is identified in the APEX materials as the patent owner and as the contact for the patent owner, with the email address patent@szkmtr.com.

10.      Upon information and belief, Defendant is the named applicant and inventor of the '236 Patent and has asserted or caused to be asserted the '236 Patent against Plaintiff's Accused Products through Amazon's APEX Procedure.

-3-

COMPLAINT

Glacier Law LLP
506 Second Avenue, Suite 1516
Seattle, WA 98104
+1 (212)729-5049

11.    Upon information and belief, Defendant identified Shenzhen Nadahai Trading Co., Ltd. as a corporate parent, subsidiary, or other entity related to the patent owner in the APEX materials, and identified TomSunlight as a brand registered in Amazon's Brand Registry.

**JURISDICTION AND VENUE**

12.    This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including the Patent Act, 35 U.S.C. § 100 et seq. This Court may grant declaratory relief under 28 U.S.C. §§ 2201 and 2202.

13.    An actual and justiciable controversy exists between Plaintiff and Defendant concerning the validity of the '236 Patent. Defendant invoked Amazon's APEX Procedure and asserted that Plaintiff's KVR garden kneeler products sold under ASINs B0DTGG5N5Q and B0972Y5LTY infringe the '236 Patent.

14.    Amazon notified Plaintiff that, to continue selling the accused products, Plaintiff had to resolve Defendant's patent claim or participate in Amazon's neutral evaluation process; otherwise, Amazon would remove the accused listings.

15.    Defendant's assertion of the '236 Patent through Amazon's APEX Procedure has placed Plaintiff's Amazon listings, sales, and goodwill in immediate jeopardy. Defendant has not withdrawn its assertion, retracted its Amazon complaint, provided a covenant not to sue, or otherwise eliminated the controversy between the parties.

16.    This Court has personal jurisdiction over Defendant because Defendant purposefully directed patent-enforcement conduct to this District by invoking Amazon's APEX Procedure and causing patent-infringement allegations to be processed through Amazon's marketplace and enforcement systems, which are operated by or substantially connected to Amazon entities headquartered in this District.

-4-

COMPLAINT

17. Defendant voluntarily invoked Amazon's APEX Procedure to assert a United States patent against Plaintiff's Amazon listings. That procedure is administered through Amazon's marketplace and enforcement systems, which are substantially connected to Amazon entities headquartered in this District.

18. Plaintiff's claims arise directly from Defendant's forum-directed enforcement conduct, including Defendant's use of Amazon's APEX Procedure to threaten removal of Plaintiff's listing from Amazon.com. The exercise of personal jurisdiction over Defendant is therefore reasonable and consistent with due process.

19. In the alternative, this Court has personal jurisdiction over Defendant under Federal Rule of Civil Procedure 4(k)(2). Plaintiff's claim arises under federal patent law; Defendant is not known to be subject to jurisdiction in any state's courts of general jurisdiction; and Defendant has sufficient contacts with the United States as a whole, including by asserting a United States patent against a product sold on Amazon.com through Amazon's United States marketplace and enforcement systems, to make the exercise of jurisdiction consistent with the United States Constitution and laws.

20. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims occurred in, were directed to, or were implemented through Amazon's marketplace and enforcement systems substantially connected to this District.

21. In the alternative, if venue is not proper under 28 U.S.C. § 1391(b)(2), venue is proper in this District under 28 U.S.C. § 1391(b)(3) because Defendant is subject to this Court's personal jurisdiction with respect to this action. To the extent Defendant is not a resident of the

-5-

COMPLAINT

Glacier Law LLP
506 Second Avenue, Suite 1516
Seattle, WA 98104
+1 (212)729-5049

United States, venue is independently proper under 28 U.S.C. § 1391(c)(3), because a defendant not resident in the United States may be sued in any judicial district.

## FACTUAL BACKGROUND

22.    Plaintiff sells KVR garden kneeler products through Amazon.com, including listings identified by ASINs B0DTGG5N5Q and B0972Y5LTY. The listings identify the products as KVR upgraded garden kneeler and seat products with widened soft kneeling pads, foldable garden-stool functionality, and tool pouches. A true and correct copy of materials concerning the listings, listing history, Amazon product pages, Amazon advertising history, and Wayback Machine history is attached as **Exhibit A**.

23.    The Amazon listing and Seller Central materials show that ASIN B0972Y5LTY was created or made available on Amazon on or about June 11, 2021. *See* **Exhibit A**. Plaintiff made sales before October 2021. The Wayback Machine materials further show that the Amazon product page for ASIN B0972Y5LTY was publicly archived by at least January 17, 2022. *See* **Exhibit A**. Exhibit A also includes materials for ASIN B0DTGG5N5Q. Plaintiff's KVR garden kneeler products were therefore publicly offered for sale, publicly available, publicly sold, and publicly described before the January 26, 2024 filing date of the '236 Patent.

24.    Upon information and belief, Plaintiff's KVR garden kneeler products associated with ASINs B0DTGG5N5Q and B0972Y5LTY are physically identical or materially identical in all respects relevant to Defendant's infringement allegations and the invalidity issues raised in this action. Both products are conventional folding garden kneelers and seats with central soft kneeling pads or seats, metal side support frames, side support handles, locking or spring-loaded support structures, and tool pouches. To the extent Defendant contends that either accused ASIN is covered by claim 1 or any other claim of the '236 Patent, Plaintiff's prior sales, public availability, public

-6-

COMPLAINT

use, customer reviews, advertising materials, and Wayback Machine archived product page for the same or materially identical KVR garden kneeler products constitute prior art to the '236 Patent.

25. Amazon customer-review materials for Plaintiff's products further show public use, public availability, and customer discussion of the KVR garden kneeler products before the '236 Patent was filed, including verified-purchase reviews predating the filing date of the '236 Patent. A true and correct copy of review materials is attached as **Exhibit B**.

26. On or about May 11, 2026, Amazon notified Plaintiff that Amazon had received a report from a patent owner who believed that Plaintiff's KVR garden kneeler listings infringed U.S. Patent No. 12,599,236. A true and correct copy of the Amazon notice and APEX materials is attached as **Exhibit C.**

27. The Amazon notice identified the patent owner as Yonggang Guo d/b/a TomSunlight, provided the patent-owner contact email patent@szkmtr.com, identified the infringement type as patent, identified Patent Number 12,599,236, and identified Case ID 20248634691.

28. Amazon informed Plaintiff that, to continue selling the accused items, Plaintiff had to either resolve the claim with the patent owner within the stated time or participate in the neutral evaluation process. Amazon further informed Plaintiff that, if Plaintiff did neither, Amazon would remove the listings identified in the notice and APEX materials.

29. The APEX Agreement attached to Amazon's notice states that the APEX Procedure is for owners of United States utility patents to obtain an evaluation of patent-infringement claims against products offered by third-party sellers on Amazon.com. It further states that the patent owner asserts that the ASINs identified in Exhibit 1 to the agreement infringe the identified patent claim.

COMPLAINT

Glacier Law LLP
506 Second Avenue, Suite 1516
Seattle, WA 98104
+1 (212)729-5049

30.    In the patent-owner-supplied information, Defendant identified Yonggang Guo as the patent owner, listed TomSunlight as the Brand Registry brand, identified the '236 Patent and claim 1 in connection with the evaluation, and listed multiple accused ASINs, including Plaintiff's ASINs B0DTGG5N5Q and B0972Y5LTY.

31.    Defendant's patent assertion through the APEX Procedure has created a continuing cloud over Plaintiff's Accused Products and threatens Plaintiff's ability to sell through Amazon, which is a significant United States marketplace channel for Plaintiff.

### THE '236 PATENT

32.    The '236 Patent, titled "Bench," issued on April 14, 2026, from U.S. Patent Application No. 18/424,733, filed January 26, 2024. A true and correct copy of the '236 Patent is attached as **Exhibit D**.

33.    The named applicant and inventor of the '236 Patent is Yonggang Guo. Upon information and belief, Defendant claims ownership of, control over, or the right to enforce the '236 Patent.

34.    The '236 Patent generally describes a bench with a seat plate, first and second brackets detachably connected to first and second ends of the seat plate, first and second telescopic rods hingedly mounted on the first and second brackets, and mounting arms locked to the seat plate by pin shafts. Claim 1 further requires that a first limiting rod is mounted on the first mounting arm, that a first clamping port is provided on the first end of the seat plate, and that the first clamping port is clamped with the first limiting rod.

35.    The '236 Patent contains fourteen claims. Defendant's APEX materials identify claim 1 in connection with the Amazon evaluation. Plaintiff does not concede infringement of any valid and enforceable claim of the '236 Patent. Plaintiff brings this action at this time for

-8-

declaratory judgment of invalidity only and expressly reserves all rights to seek leave to amend this Complaint to assert additional claims or grounds for relief, including declaratory judgment of non-infringement, if warranted by Defendant's positions, discovery, Amazon proceedings, or other developments.

## PRIOR ART AND INVALIDITY BACKGROUND

36. The alleged invention of the '236 Patent was not new. Before the filing date of the '236 Patent, folding garden kneelers, folding kneeling chairs, and garden kneeler seats with central pads, side support frames, folding mechanisms, locking structures, and seat and kneeler functionality were publicly known, publicly used, publicly sold, and described in printed publications.

37. By way of example and not limitation, Plaintiff's KVR garden kneeler products, including products associated with ASINs B0DTGG5N5Q and B0972Y5LTY, were publicly offered for sale and sold on Amazon before the filing date of the '236 Patent. Plaintiff's prior public sales, public use, advertising, Wayback Machine archived product page, customer reviews, and public availability of the KVR garden kneeler products constitute prior art under 35 U.S.C. § 102(a)(1). In particular, Plaintiff's Amazon materials show that ASIN B0972Y5LTY was created or made available on Amazon on or about June 11, 2021, that Plaintiff made sales before October 2021, and that the product page for ASIN B0972Y5LTY was publicly archived by the Wayback Machine by at least January 17, 2022. To the extent Defendant interprets claim 1 or any other claim broadly enough to cover Plaintiff's conventional folding garden kneeler and seat products, that same interpretation would cause the claim to read on, or at minimum be obvious in view of, Plaintiff's prior publicly sold products and the printed prior art identified herein. *See* **Exhibits A-B**.

-9-

COMPLAINT

Glacier Law LLP
506 Second Avenue, Suite 1516
Seattle, WA 98104
+1 (212)729-5049

38.     By way of further example and not limitation, Chinese Utility Model Patent No. CN215874056U, titled "A Multifunctional Kneeling Chair," was filed on September 2, 2021 and published on February 22, 2022. CN215874056U is highly relevant prior art directed to the same general product category: a multifunctional garden kneeling chair that can be used as a seat when upright and as a kneeler when inverted. CN215874056U discloses, among other things, a kneeling-chair body, support legs pivotally connected on the left and right sides of the body, folding mechanisms at the pivot positions, locking or engaging rods, matching locking or engaging grooves, sliding grooves, return springs, kneeling pads, and inward-folding support legs for compact storage. These disclosures correspond to, or at minimum render obvious, the use of rods, grooves, ports, sliding engagement structures, springs, and foldable support structures to lock or secure a folding kneeler/seat in an unfolded condition. A true and correct copy is attached as **Exhibit E**.

39.     By way of further example and not limitation, U.S. Design Patent No. D944,019, titled "Garden Kneeler," was filed on April 14, 2021 and issued on February 22, 2022. A true and correct copy is attached as **Exhibit F**. The figures visually disclose, as a printed publication, a garden kneeler having a central pad or seat area, side support frames, and folded and unfolded configurations before the filing date of the '236 Patent.

40.     By way of further example and not limitation, European Union Design No. 008811970-0001 was filed on December 28, 2021 and published on January 14, 2022, with a claimed Chinese priority date of September 2, 2021. A true and correct copy is attached as **Exhibit G**. The design materials identify the product as garden chairs and visually disclose folding kneeling-chair structures having a central pad or seat area and side support frames.

COMPLAINT

Glacier Law LLP
506 Second Avenue, Suite 1516
Seattle, WA 98104
+1 (212)729-5049

41.    By way of further example and not limitation, Chinese Design Patent No. CN307008030S, titled "Folding Kneeling Chair," was filed on September 2, 2021 and published on December 17, 2021. A true and correct copy is attached as **Exhibit H**. CN307008030S identifies the product as a folding kneeling chair used for sitting and convenient folding, and its figures visually disclose a central pad or seat area, side support frames, and a folding garden-kneeler configuration.

42.    By way of further example and not limitation, United Kingdom Design No. 6183896, identified as a "Folding kneeling chair," was filed and registered on December 29, 2021 and published on January 20, 2022. A true and correct copy is attached as **Exhibit I**. The UK design visually discloses a folding kneeling-chair configuration with a central pad or seat area and side support frames. Plaintiff relies on these design references at least as printed publications showing that the external configuration and general product category of folding garden kneelers and kneeling chairs were known before the filing date of the '236 Patent.

43.    By way of further example and not limitation, U.S. Patent Application Publication No. 2004/0201268 A1, titled "Kneeling Bench," was filed on May 29, 2003 and published on October 14, 2004. The publication discloses a kneeling bench adjustable between folded and unfolded configurations, with a frame, legs pivotally connected to the frame, a slidable locking member, a biasing mechanism including springs, and seat and knee rests for use in sitting and kneeling positions. A true and correct copy is attached as **Exhibit J**.

44.    By way of further example and not limitation, Korean Utility Model Registration No. KR 20-0468499 Y1, also identified during prosecution as KR 200468499 Y1 (the "KR '499 reference"), was filed on July 1, 2013, registered on August 9, 2013, and published on August 14, 2013. A true and correct copy is attached as **Exhibit K**. Although directed to a fishing seat or

-11-

Glacier Law LLP
506 Second Avenue, Suite 1516
Seattle, WA 98104
+1 (212)729-5049

support platform, the KR '499 reference discloses mechanical support concepts relevant to the '236 Patent, including a rectangular body or frame, first and second hinged legs or supports, adjustable telescoping leg structures, hinge portions, folding holes, stoppers, and storage components. KR '499 is relevant at least to the known use of hinged support structures, telescoping legs, locking or stopping components, and foldable support frames before the filing date of the '236 Patent.

45.    The prosecution history of the application that issued as the '236 Patent further confirms that the broad folding-bench structure originally claimed by Applicant was known in the prior art. In a Non-Final Office Action dated October 2, 2025, the United States Patent and Trademark Office rejected then-pending claims 1, 6, and 8 under 35 U.S.C. § 102(a)(1) as anticipated by the KR '499 reference. The rejected then-pending claims included, among other things, a seat plate, first and second brackets, hinged telescopic rods, mounting arms, pin-shaft locking structures, and accommodating grooves. A true and correct copy of the Non-Final Office Action is attached as **Exhibit L**.

46.    In that Office Action, the Examiner found that the KR '499 reference disclosed the broad structural features recited in the then-pending claims, including a seat plate or rectangular body, first and second brackets, hinged telescopic rods, mounting arms, pin-shaft locking structures, and first and second accommodating grooves. The Examiner also rejected then-pending claim 10 under 35 U.S.C. § 103 over the KR '499 reference and rejected then-pending claims 7 and 9 under 35 U.S.C. § 103 over the KR '499 reference in view of Fang, U.S. Patent Application Publication No. 2007/0046077 A1, citing Fang as evidence that holes and retractable buttons within telescopic legs were well known in the art.

-12-

COMPLAINT

47. In response, Applicant amended then-pending claim 1 to include the limitations of original claim 2, including a first limiting rod mounted on the first mounting arm and a first clamping port provided on the first end of the seat plate and clamped with the first limiting rod. Applicant also rewrote then-pending claim 4 as an independent claim including the limitations of original claim 1 and adding second-limiting-rod and second-clamping-port limitations. The issued '236 Patent includes a parallel independent claim directed to second-limiting-rod and second-clamping-port limitations. A true and correct copy of Applicant's response is attached as **Exhibit M**.

48. Applicant's amendments confirm that the broad bench structure originally claimed was not patentably distinct over the prior art identified by the USPTO. At least with respect to claim 1 identified in the APEX materials and the parallel independent claim structure reflected in issued claim 8, the prosecution history further confirms that any alleged patentable distinction depends on the specific narrowing limitations added during prosecution, including the limiting-rod and clamping-port limitations.

49. The prior art, alone or in combination, disclosed or rendered obvious the central concepts later claimed in the '236 Patent, including folding garden kneelers and seats, kneeling benches, central seat or kneeling plates, side support frames or brackets, pivoting and foldable support structures, locking rods or slidable locking members, engaging grooves, clamping or engaging structures, springs, cushions or pads, compact storage, portability, and hinged, extendable, or telescoping support members.

50. The same prior art also disclosed or rendered obvious the allegedly narrowing locking and positioning concepts added during prosecution, including rods, bars, pins, grooves, ports, slots, stoppers, and spring-biased or slidable engagement members used to lock, secure,

-13-

Glacier Law LLP
506 Second Avenue, Suite 1516
Seattle, WA 98104
+1 (212)729-5049

position, or stabilize foldable support structures in an unfolded condition. For example, CN215874056U discloses a folding mechanism with a locking or engaging rod, a matching locking or engaging groove, a sliding groove, and a return spring used in a multifunctional kneeling chair. U.S. Patent Application Publication No. 2004/0201268 A1 discloses a kneeling bench with a slidable member, locked and unlocked positions, and a biasing mechanism. KR '499 and Fang further confirm that hinged support structures, telescoping support members, holes, buttons, stoppers, and related adjustment or locking mechanisms were known in the art.

51.    To the extent Defendant contends that any claim of the '236 Patent covers Plaintiff's conventional folding garden kneeler products, such claim is anticipated by Plaintiff's prior public sales, public advertising, Wayback Machine archived product page, public use, customer reviews, or other prior public disclosures, or at minimum would have been obvious to a person of ordinary skill in the art before the filing date of the '236 Patent in view of Plaintiff's prior products and the printed prior art identified herein.

52.    To the extent Defendant contends that the claimed telescopic-rod limitations, limiting-rod limitations, clamping-port limitations, or pin-shaft locking limitations distinguish the '236 Patent from prior folding garden kneelers, those limitations were, at most, predictable mechanical variations of known support, locking, clamping, and adjustment structures performing their expected functions. For these reasons, one or more claims of the '236 Patent are invalid under 35 U.S.C. §§ 102 and 103 in view of the prior public sales, public uses, printed publications, and ordinary knowledge in the art identified above.

## COUNT I
## DECLARATORY JUDGMENT OF INVALIDITY OF ONE OR MORE CLAIMS OF U.S. PATENT NO. 12,599,236

-14-

COMPLAINT

Glacier Law LLP
506 Second Avenue, Suite 1516
Seattle, WA 98104
+1 (212)729-5049

53.     Plaintiff incorporates by reference the allegations set forth above as if fully set forth herein.

54.     An actual, continuing, and justiciable controversy exists between Plaintiff and Defendant concerning the validity of the '236 Patent. Defendant asserted the '236 Patent against Plaintiff's Accused Products through Amazon's APEX Procedure and placed Plaintiff's Amazon listings in imminent danger of removal or restriction.

55.     One or more claims of the '236 Patent are invalid for failure to satisfy the conditions of patentability under the patent laws of the United States, including at least 35 U.S.C. §§ 102 and 103.

56.     One or more claims of the '236 Patent are invalid under 35 U.S.C. § 102 because the claimed subject matter was patented, described in printed publications, in public use, on sale, or otherwise available to the public before the effective filing date of the '236 Patent, including through Plaintiff's prior public sales, advertising, Wayback Machine archived product page, public use, customer reviews, and public availability of the same or materially identical KVR garden kneeler products and through the prior-art references identified above.

57.     One or more claims of the '236 Patent are invalid under 35 U.S.C. § 103 because any differences between the claimed subject matter and the prior art would have been obvious to a person of ordinary skill in the art before the effective filing date of the '236 Patent.

58.     The prior art identified above disclosed folding garden kneelers, kneeling benches, seats, benches, and support platforms with central pads or seat plates, side support frames, foldable support structures, pivoting, hinged, or adjustable legs, locking rods, slidable locking members, engaging grooves, clamping or engaging structures, springs, cushions, telescoping support members, pin, hole, button, and stopper mechanisms, and compact storage features.

-15-

COMPLAINT

Glacier Law LLP
506 Second Avenue, Suite 1516
Seattle, WA 98104
+1 (212)729-5049

59.    The prosecution history further confirms that broad folding-bench and hinged-support structures were known in the prior art. During prosecution, the USPTO rejected then-pending claims 1, 6, and 8 under 35 U.S.C. § 102 as anticipated by the KR '499 reference, and rejected other then-pending claims under 35 U.S.C. § 103 based on the KR '499 reference alone or in combination with Fang. Applicant thereafter amended the claims to add specific mechanical locking limitations, including limiting-rod and clamping-port limitations.

60.    The claimed subject matter of the '236 Patent would have been, at most, a predictable combination of known folding garden-kneeler structures and known mechanical support, locking, clamping, and adjustment concepts performing their expected functions.

61.    Defendant's assertion of the '236 Patent through Amazon's APEX Procedure has caused, and continues to cause, immediate and irreparable harm to Plaintiff, including the threat of removal or restriction of Plaintiff's Amazon listings, disruption of sales, damage to goodwill, and loss of business opportunities.

62.    Plaintiff does not concede infringement of any valid and enforceable claim of the '236 Patent and reserves all rights, defenses, claims, and remedies available under law.

63.    Plaintiff seeks a declaration that one or more claims of the '236 Patent are invalid under the patent laws of the United States, including at least 35 U.S.C. §§ 102 and 103.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment against Defendant as follows:

A.    Declaring that an actual and justiciable controversy exists between Plaintiff and Defendant concerning the validity of U.S. Patent No. 12,599,236 B2;

-16-

COMPLAINT

Glacier Law LLP
506 Second Avenue, Suite 1516
Seattle, WA 98104
+1 (212)729-5049

B.      Declaring that one or more claims of U.S. Patent No. 12,599,236 B2 are invalid under one or more provisions of the patent laws of the United States, including 35 U.S.C. §§ 102 and 103;

C.      Ordering Defendant to withdraw, retract, or correct any Amazon APEX complaint, patent-infringement report, or other marketplace-enforcement assertion against Plaintiff's ASINs B0DTGG5N5Q and B0972Y5LTY based on U.S. Patent No. 12,599,236 B2;

D.      Permanently enjoining Defendant, and all persons acting in concert or participation with Defendant, from asserting any claim of U.S. Patent No. 12,599,236 B2 declared invalid in this action against Plaintiff's ASINs B0DTGG5N5Q and B0972Y5LTY or materially identical KVR/runhuaxin garden kneeler products through Amazon's APEX Procedure or any other third-party marketplace enforcement system;

E.      Finding this case exceptional and awarding Plaintiff its costs, expenses, and reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

F.      Awarding Plaintiff pre-judgment and post-judgment interest as permitted by law; and

G.      Awarding Plaintiff such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMAND**

Plaintiff hereby demands a jury trial on all issues so triable.

Respectfully submitted,

Date: June 4, 2026

By: /s/ *Ruoting Men*

Ruoting Men, Esq. (WSBA No. 63842)
GLACIER LAW LLP
506 SECOND AVENUE, SUITE 1516

-17-

SEATTLE, WA 98104
Ruoting.men@glacier.law
Tel: +1 (212)729-5049

***Counsel for Plaintiff***

COMPLAINT